# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................i

I.     INTRODUCTION .........................................................................1

II.    BACKGROUND ...........................................................................3

     A.    The HSC and Justices ..........................................................3

     B.    The Disciplinary Entities and Disciplinary Defendants ............4

     C.    Plaintiffs .............................................................................7
         1. Gary V. Dubin ..............................................................7
         2. Mr. Dubin's Former Clients ............................................8

III.   THE COMPLAINT FOR DECLARATORY RELIEF AND FOR
     ACTUAL AND PUNITIVE CIVIL RIGHTS DAMAGES ..................9

IV.   STANDARDS FOR MOTIONS TO DISMISS ...............................12

     A.    Rule 12(b)(1), Fed. R. Civ. P. ............................................12

     B.    Rule 12(b)(6), Fed. R. Civ. P. ............................................13

V.    THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE ............14

     A.    Federal District Courts Do Not Have Jurisdiction
         over Attorney Disciplinary Proceedings ...............................14

     B.    The Client Plaintiffs Lack Standing ....................................18

     C.    The Court Lacks Jurisdiction over Plaintiffs' Claims
         under the Rooker-Feldman Doctrine ...................................19

     D.    The Eleventh Amendment and Sovereign Immunity
         Doctrine Plaintiffs' Claims ...............................................22

     E.    The Plaintiffs' Claims Against the Disciplinary Defendants
         Are Barred by Quasi-Judicial Immunity ..............................26

     F.    Plaintiffs' Claims against the Disciplinary Defendants are
         Barred by Immunity under Rule 2.8, RSCH ..........................29

VI.   CONCLUSION .........................................................................29

# TABLE OF AUTHORITIES

## Federal Cases

*Alabama v. Pugh*,
    438 U.S. 781 (1978) ............................................................................ 23

*Allah v. Superior Ct. of State of Cal.*,
    871 F.2d 887 (9th Cir. 1989) ............................................................ 19

*Andrick v. Adel et al.*,
    2021 WL 977143 (D. Ariz. 2021) .................................................... 18

*Ashelman v. Pope*,
    793 F.2d 1072 (9th Cir. 1986) .......................................................... 27

*Barton v. Barbour*,
    104 U.S. 126 (1881) .......................................................................... 22

*Beaulieu v. Vermont*,
    807 F.3d 478 (2d Cir. 2015) ............................................................. 25

*Bell v. City of Boise*,
    709 F.3d 890 (9th Cir. 2013) ........................................................... 20

*Bennett v. Yoshina*,
    140 F.3d 1218 (9th Cir. 1998) .......................................................... 19

*Butz v. Economou*,
    438 U.S. 478 (1978) .......................................................................... 28

*Clark v. State of Washington*,
    366 F.2d 678 (9th Cir. 1966) ........................................................... 16

*Cooper v. Ramos*,
    704 F.3d 772 (9th Cir. 2012) ........................................................... 20

*Cornfield v. Pickens*,
    2016 WL 6584928, at *3 (D. Ariz. July 21, 2016) ........................ 25

*Dale v. Moore*,
   415 F. Supp. 308 (N.D. Cal. 1976) .......................................................... 20

*Doe v. State Bar of California*,
   415 F. Supp. 308 (N.D. Cal. 1976) .......................................................... 17

*Doe v. State Bar of California, et al.*,
   582 F.2d 25 (9th Cir. 1978) ..................................................................... 16

*Doyle v. Oka. Bar Ass'n*,
   998 F.2d 1559 (10th Cir. 1993) ............................................................... 18

*Edelman v. Jordan*,
   415 U.S. 651 (1974) ................................................................................. 23

*Fahy v. Justices of the Supreme Court of California*,
   2008 WL 4615476 (N.D. Ca. 2008) ................................................... 23, 26

*Forrester v. White*,
   484 U.S. 219 (1988) ................................................................................. 26

*Franceschi v. Swartz*,
   57 F.3d 828 (9th Cir. 1994) ..................................................................... 23

*Hans v. Louisiana*,
   134 U.S. 1 (1890) ..................................................................................... 23

*Hirsh v. Justices of Supreme Court of State of Cal.*,
   67 F.3d 708 (1995) .......................................................................... 23, 26, 28

*Imbler v. Pachtman*,
   424 U.S. 409 (1976) .......................................................................... 13, 27

*In re Cook*,
   551 F.3d 542 (6th Cir. 2009) ................................................................... 20

*In re Disciplinary Bd. of the Hawaii Supreme Court*,
   342 F.3d 903 (9th Cir. 2003) .......................................................... 5, 6, 12, 18

*Johnson v. DeGrandy*,
    512 U.S. 997 (1994) .................................................................... 19

*Kansa Reins. Co., Ltd. v. Congressional Mortgage Corp. of Texas*,
    20 F.3d 1362 (5th Cir. 1994) ..................................................... 13

*Kay v. State Bar of California*,
    2009 WL 1456433 (N.D. Ca. 2009) .......................................... 23

*Kenney v. Hawaii*,
    109 F. Supp. 2d 1271 (D. Haw. 2000) ................................. 24, 26

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) .................................................................... 14

*Livingston v. North Carolina State Bar, et al.*,
    364 F. Supp. 587 (E.D. N.C. 2019) ........................................... 20

*Lombardo v. Pa. Dep't of Pub. Welfare*,
    540 F.3d 190 (3d Cir. 2008) ....................................................... 25

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................... 18

*Mackay v. Pfeil*,
    827 F.2d 540 (9th Cir. 1987) ..................................................... 20

*Mason v. Arizona*,
    260 F. Supp. 2d 807 (D. Ariz. 2003) ........................................ 12

*Memphis & Charlestown R.R. Co. v. Tennessee*,
    101 U.S. 337 (1880) .................................................................... 22

*Mireles v. Waco*,
    502 U.S. 9 (1991) ........................................................................ 26

*Missouri v. Fiske*,
    290 U.S. 18 (1933) ...................................................................... 24

*Pahk v. Hawaii,*
   109 F. Supp. 2d 1262 (D. Haw. 2000) ........................................................ 25

*Pareto v. FDIC,*
   139 F.3d 696 (9th Cir. 1998) .......................................................... 13, 29

*Partington v. Gedan*,
   961 F.2d 852 (9th Cir. 1992) ................................................................ 28

*Pennhurst State School & Hosp. v. Halderman,*
   465 U.S. 89 (1984) ..................................................................... 24, 26

*Pierson v. Ray,*
   386 U.S. 547 (1967) ......................................................................... 26

*Prescott v. United States,*
   973 F.2d 696 (9th Cir. 1992) ............................................................... 12

*Saier v. State Bar of Michigan,*
   293 F.2d 756 (6th Cir. 1961) ............................................................... 17

*Salman v. State of Nevada Com'n on Judicial Discipline,*
   104 F.Supp.2d 1262 (D. Nev. 2000) ................................................. 24, 26, 28

*Satterfield v. Malloy,*
   700 F.3d 1231 (10th Cir. 2012) ............................................................ 22

*Schreiber Distr. Co. v. Serv-Well Furniture Co.,*
   806 F.2d 1393 (9th Cir.1986) .............................................................. 29

*Sherman v. Yakahi,*
   549 F.2d 1287 (9th Cir. 1977) ........................................................ 13, 29

*United States v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003) .............................................................. 14

*Wileman Bros. & Elliott, Inc. v. Giannini,*
   909 F.2d 332 (9th Cir. 1990) .............................................................. 13

*Will v. Mich. Dept. of State Police,*
    491 U.S. 58 (1989) .................................................................... 22, 24

*Younger v. Harris,*
    401 U.S. 37 (1971) .................................................................... 19

## **Federal Constitution**

U.S. Const. amend. XI .................................................................... 23
Article III, § 2 United States Constitution ........................................ 18

## **Federal Rules**

Fed. R. Civ. P. Rule 12(b)(1) ........................................................ 12
Fed. R. Civ. P. Rule 12(b)(6) ........................................................ 13, 14

## **State Cases**

*In re Corey,*
    55 Haw. 47, 515 P.2d 400 (1973) .............................................. 16

*In re Trask,*
    46 Haw. 404, 380 P.2d 751 (1963) ............................................ 6, 15

*Kamaka v. Goodsill Anderson,*
    117 Hawaiʻi 92, 176 P.3d 91 (2008) .......................................... 29

*Matter of the Disciplinary Board of the Hawaiʻi Supreme Court,*
    91 Haw. 363, 984 P.2d 688 (1999) ............................................ 16

## **State Constitution and Statutes**

Hawaii Revised Statutes § 602-11 ................................................. 3
Hawaii Revised Statutes § 605-1(a) .............................................. 16
Article V, § 6 Hawaii Constitution ............................................... 9
Article VI, § 7 Hawaii Constitution ............................................. 3, 6

**<u>State Rules</u>**

RSCH Rule 2 ........................................................................................... 4, 18

RSCH Rule 2.1 ........................................................................................... 16

RSCH Rule 2.3 ............................................................................................. 5

RSCH Rule 2.4(a) ........................................................................................ 4

RSCH Rule 2.4(e) ........................................................................................ 4

RSCH Rule 2.4(e)(2) .................................................................................... 5

RSCH Rule 2.6 ............................................................................................. 5

RSCH Rule 2.7(a) ........................................................................................ 5

RSCH Rule 2.7(c) ........................................................................................ 5

RSCH Rule 2.7(d) ........................................................................................ 7

RSCH Rule 2.5 ............................................................................................. 4

RSCH Rule 2.8 ....................................................................................... 3, 29

RSCH Rule 4 ............................................................................................... 4

RSCH Rule 5 ............................................................................................... 4

RSCH Rule 6 ............................................................................................... 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

GARY VICTOR DUBIN et al.,

       Plaintiffs,

vs.

THE SUPREME COURT OF THE
STATE OF HAWAII, et al.

       Defendants.

CV 21-00175 JAO-KJM

MEMORANDUM IN SUPPORT

MEMORANDUM IN SUPPORT

I.    INTRODUCTION

       Now that the United States Supreme Court ("SCOTUS") has denied his Petition for Writ of Certiorari ("Petition for Writ"), Mr. Dubin has recast his Petition for Writ[1] and sued the Hawaii Supreme Court ("HSC") and everyone who was involved in his disbarment, seeking a declaratory judgment that Hawaii's attorney disciplinary procedure is unconstitutional and for damages.

---

[1] Compare Pet. Writ p. 1-2 & USDC Cmplt pp. 19-22; Pet. Writ pp. 4-8 & USDC Cmplt, pp. 24-28; Pet. Writ pp. 9-13 & USDC Cmplt pp. 71-75; Pet. Writ p. 13 & USDC Cmplt p. 31; Pet. Writ pp.14-19 & USDC Cmplt pp. 32-39; Pet. Writ pp. 20-24 & USDC Cmplt pp. 39-44; Pet. Writ pp. 24-29 & USDC Cmplt pp.39-44. *See* Mr. Dubin's Petition for Writ of Certiorari filed in the SCOTUS on February 25, 2021, Exhibit "A" to the Declaration of Robyn B. Chun ("Chun Decl.") attached hereto and incorporated herein by reference.  SCOTUS denied his petition.  *See* letter from Scott S. Harris, SCOTUS Clerk to Supreme Court of Hawaii dated April 5, 2021, Exhibit "B", Chun Decl.

Defendants the HSC, Chief Justice Mark E. Recktenwald, Associate Justices Paula A. Nakayama, Sabrina S. McKenna, Michael D. Wilson and Katherine S. Leonard (collectively, the "Justices"), the Office of Disciplinary Counsel of the Hawaii Supreme Court ("ODC"), the Disciplinary Board of the Hawaii Supreme Court ("Disciplinary Board"), (collectively, "Disciplinary Entities") and Bradley R. Tamm, Clifford L. Nakea, Roy F. Hughes, Charlene M. Norris, and Andrea R. Sink (collectively, "Disciplinary Defendants")[2] seek an order dismissing with prejudice the Verified Complaint for Declaratory Relief and for Actual and Punitive Civil Rights Damages filed herein on April 9, 2021 ("Complaint") on the grounds that:

(a)   Federal District Court does not have jurisdiction over state attorney disciplinary proceedings;

(b)   The Client Plaintiffs Lack Standing

(c)   Pursuant to the Rooker-Feldman doctrine, this Court lacks jurisdiction to decide Plaintiffs' claims;

(d)   Plaintiffs' claims against the HSC, the Justices, the Disciplinary Entities and the Disciplinary Defendants are barred by the 11th Amendment and Sovereign Immunity Doctrine;

---

[2] The HSC, Justices, ODC, Disciplinary Board, Disciplinary Entities and Disciplinary Defendants are collectively referred to as "Defendants".

(e)     Plaintiffs' claims against Defendants in their individual capacity are barred by judicial or quasi-judicial immunity; and

(f)     Plaintiffs' Claims against the Disciplinary Defendants are Barred by Immunity under Rule 2.8, RSCH

II.     BACKGROUND

A.     The HSC and Justices

The HSC is established by Article VI, Section 1 of the Hawaii State Constitution and is comprised of a chief justice and four associate justices.  "The supreme court shall have the power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law."  Article VI, Section 7, Hawaii State Constitution.  *See also* Haw. Rev. Stat. § 602-11.

Plaintiffs have also named the individual Justices as Defendants. *See* Complaint, Dkt. #1 at 14.  Following Mr. Dubin's disbarment proceedings held before Hearing Officer Hughes, and the Board, the Justices reviewed, *de novo*, the record of those proceedings and issued the Order of Disbarment disbarring Mr. Dubin on September 9, 2020.  *See* Order of Disbarment filed in SCAD -19-0000561 on September 9, 2020, Exhibit "E", Chun Decl.

B.     <u>The Disciplinary Entities and Disciplinary Defendants</u>

In Hawaii, the attorney disciplinary procedure is established by

Rule 2, Rules of the Supreme Court of the State of Hawaii ("RSCH").[3]  Rule 2 also

establishes a Disciplinary Board ("Board") and the Office of Disciplinary Counsel

("ODC") and provides for hearing committees and a hearing officer.

*See* Rules 2.4, 2.5 and 2.6, RSCH.

The Board consists of 18 members who are appointed by the HSC

from a list submitted by its Nominating Committee.  Rule 2.4(a), RSCH.  The

Board[4] is responsible for, among other things, investigating ethics complaints

against attorneys, supervising the ODC,[5] adopting rules governing attorney

discipline procedures, publishing opinions that interpret the Hawaii Rules of

Professional Conduct and providing for the conduct of hearings on formal

disciplinary proceedings.  Rules 2.4(e) and 2.5, RSCH.  The Board also employs

the Chief Disciplinary Counsel, and Assistant Disciplinary Counsel (Rule

---

[3] The rules and regulations promulgated by the HSC have the force and effect of law.  Article VI, Section 7, Hawaii State Constitution.

[4]  The Chair of the Board the Hon. Clifford L. Nakea (ret.) is a named Defendant herein.

[5] The ODC employees and volunteers sued in this action include current Chief Disciplinary Counsel Bradley Tamm, Senior Disciplinary Counsel Charlene Norris, and Andrea Sink, formerly an investigator for the ODC.  Roy F. Hughes, hearing officer for the Board, and Clifford L. Nakea, Chair of the Board, are also named as Defendants.

2.4(e)(2), RSCH), and appoints voluntary hearing officers[6] to conduct hearings, and issue reports in formal disciplinary proceedings.  Rule 2.7(c), RSCH.

Following hearing or by stipulation in a formal disciplinary proceeding, the Board may impose private admonitions, or offer a private or public reprimand, which remain on the attorney's record.  Rule 2.3, RSCH.  For a more serious sanction (public censure, suspension or disbarment, or where a reprimand is rejected), the Board may only make recommendations to the HSC, which reviews the proceedings *de novo* and issues a decision.  *Id.*

The ODC "performs the investigative and prosecutorial role".  *In re Disciplinary Bd. of the Hawaii Supreme Court*, 91 Hawaii 363, 369 n. 12, 984 P.2d 688, 694 n. 12 (1999).  The ODC investigates alleged attorney misconduct, prosecutes all disciplinary proceedings before the Board, issues ethics opinions to lawyers and provides general information to individuals who are having difficulties with lawyers.  Rule 2.6, RSCH.

In addition, the ODC, following investigation, makes recommendations as to whether the allegations of attorney misconduct should be dismissed, the attorney informally admonished, non-disciplinary proceedings for minor misconduct should be offered, or formal disciplinary proceedings should be filed.  Rule 2.7(a), RSCH.  The ODC's recommendation is reviewed by one of two

---

[6]  Defendant Roy F. Hughes served as the appointed hearings officer in the formal disciplinary proceedings regarding Mr. Dubin.

Board members assigned to review the ODC's recommendations. *Id.* If the

reviewing Board member agrees with the ODC's recommendation, it is

implemented. *Id.*

> As the HSC has held:
>
> [i]n effect, ODC, the Disciplinary Board, and the
> committees appointed pursuant to Rule 2, function as
> [Hawaii Supreme] Court's special masters to carry out
> this court's authority to investigate, prosecute, dispose of,
> or make recommendations about attorney disciplinary
> matters.  Duties imposed by Rule 2 upon ODC and the
> Disciplinary Board are duties owed to this court.  In
> furtherance of those duties and in recognition of the
> limited resources available and the difficulties inherent in
> prosecuting any accusation of unethical behavior, our
> rules grant to ODC and the reviewing Disciplinary Board
> members the discretion to determine whether pursuit of
> particular disciplinary allegations is warranted.

*In the Matter of the Disciplinary Board*, 91 Haw. at 368-69, 984 P.2d at 693-94

(citation omitted).

> Further,
>
> The Office of Disciplinary Counsel and the
> Disciplinary Board are creatures of this court, created
> pursuant to the court's inherent and constitutional
> authority to regulate the practice of law.  *See* Rule 2,
> Rules of the Supreme Court of the State of Hawaii
> (Rule 2); *In re Trask*, 46 Haw. 404, 415, 380 P.2d 751,
> 758 (1963) ('The power to regulate the admission and
> disbarment or disciplining of attorneys is judicial in
> nature and is inherent in the courts'), and Article VI, § 7
> Hawaii Constitution ('The supreme court shall have
> power to promulgate rules and regulations in all civil and
> criminal cases for all courts relating to process, practice,

procedure and appeals, which shall have the force and
effect of law').

*Id.* at 368, 984 P.2d at 693.

Where a hearing is held, a hearing officer's report is issued, and

following review by the entire Board, the Board, where censure, suspension or

disbarment is recommended, must submit findings and recommendations, along

with the entire record to the HSC[7] and the HSC "may in all disciplinary cases issue

and publish written opinions or by *per curiam* order adopt and publish the findings

and conclusions contained in the written report of the Board."  *See* Rule 2.7(d),

RSCH.

    C.    <u>Plaintiffs</u>

        1.    <u>Gary V. Dubin</u>

Plaintiff Gary V. Dubin is a Hawaii resident who was admitted to the

Hawaii Bar in 1982.  Dkt. #1 at 12.  On September 9, 2020, the HSC issued an

Order of Disbarment disbarring him 30 days after the entry of the order.  *See* Order

of Disbarment filed in the HSC on September 9, 2020, Exhibit "E", Chun Decl.

Subsequently, Mr. Dubin filed two motions for reconsideration and the HSC

denied both motions.  *See* Order filed in the Supreme Court of the State of Hawaii

---

[7] Instead of submitting findings and recommendations to the supreme court, the
Board may dismiss or remand a petition or conclude a matter by informal
admonition or, with consent of the ODC and subject attorney, impose a private or
public reprimand.  *See* Rule 2.7(d), RSCH.

on September 28, 2020, Order filed in the Supreme Court of the State of Hawaii on November 10, 2020, Exhibits "D" and "E", Chun Decl.  Mr. Dubin also filed a Petition for Writ of Certiorari with SCOTUS to appeal the HSC's disbarment order; SCOTUS denied his Petition on April 5, 2021.  *See* Exhibit "B", Chun Decl.

        2.    <u>Mr. Dubin's Former Clients</u>

Hundreds of Mr. Dubin's former clients are individually named Plaintiffs (collectively, "Client Plaintiffs").  *See* Dkt. #1 at 13.  They allege that they have been "grievously harmed . . . having their cases and their legal rights and their lives disrupted and their investment in Dubin's legal services threatened and/or lost by the unconstitutional and abusive manner in which he has been treated."  *Id.*   The Client Plaintiffs further allege that they have

> standing as victims also to complain, [and] have therefore volunteered to join [Mr. Dubin] in this lawsuit collectively and individually as Client Plaintiffs, being separately denied unfairly and prejudicially his continuing and/or his future legal services in state courts in Hawaii and his legal advice, as well as subjecting Dubin to pending reciprocal discipline in other jurisdictions.

*Id.* at 13-14.  The Client Plaintiffs allegedly include approximately one half of Mr. Dubin's clients who have "already experienced said disruption and loss and it is expected that more will seek leave to join this lawsuit on behalf of Dubin and on behalf of themselves once the harmful acts and conduct challenged below become known to and experienced by them as well."  *Id.* at 14.

III.    THE COMPLAINT FOR DECLARATORY RELIEF AND FOR
        ACTUAL AND PUNITIVE CIVIL RIGHTS DAMAGES

        Plaintiffs contend that there are two licensing/license revocation

entities in Hawaii – the Department of Commerce and Consumer Affairs

("DCCA") that licenses and regulates the conduct of certain professions and

occupations and the HSC that licenses, regulates and disciplines attorneys in the

State.  *See* Dkt. 1 at 19-24.  Plaintiffs allege that pursuant to its authority under

Article V, Section 6 of the Hawaii Constitution, the Legislature established DCCA

> 'to supervise the conduct of . . . professions,' governing
> professional and occupational licensing including
> revocation, 'to protect the interest of consumers,' *inter
> alia*, consisting of investigative and enforcement officers,
> hearing officers, voluntary specialized advisory
> committees, and disciplinary boards.

*Id.* at 21.

        Plaintiffs also allege that unlike DCCA,

> … the Hawaii Supreme Court lacks jurisdiction as does
> its entire attorney disciplinary system, *supra*, from
> regulating Members of the Hawaii legal profession for
> conduct allegedly occurring outside Hawaii courtrooms,
> because the Hawaii State Constitution gives that
> authority exclusively to the Hawaii State Legislature who
> [sic] has never delegated that authority even if it
> constitutionally could, to the Hawaii Supreme Court.

*See* Dkt. #1 at 150.  Plaintiffs further contend that following Statehood, the HSC

"nevertheless began to promulgate rules on its own without legislative authority

-9-

and approval, regulating the entire Hawaii legal profession, including licensing and disciplining of attorneys for conduct in and outside of court." *Id*. at 25.

Plaintiffs assert the following claims for relief:

**Count I: Individual/Class Action for Declaratory Judgment by Attorney Dubin Against All State Defendants for their Unconstitutional Exercise of Legislative Authority**
The HSC lacks jurisdiction to regulate the Hawaii legal profession for conduct occurring outside of Hawaii courtrooms because the State Constitution gives that authority exclusively to the State Legislature.  Dkt. #1 at 150.

**Count II: Individual/Class Action for Declaratory Judgment by Client Plaintiffs Against All State Defendants for their Unconstitutional Exercise of Legislative Authority**
Count II is the same as Count I but asserted by the Client Plaintiffs.
*Id*. at 153-56.

**Count III: Individual/Class Action for Declaratory Judgment by Attorney Dubin Against all State Defendants for their Unconstitutional Violation of Equal Protection**
The Hawaii Legislature (through DCCA) regulates other professions and occupations differently, "affording evidentiary and appellate rights, for instance", than those allowed attorneys by the HSC in its disciplinary procedures . . . in violation of the Equal Protection constitutional guaranties" embodied in the 14th Amendment. *Id*. at 156-57.

**Count IV: Individual/Class Action for Declaratory Judgment by Client Plaintiffs Against all State Defendants for their Unconstitutional Violation of Equal Protection**

-10-

Count IV is the same as Count III but asserted by the Client Plaintiffs. *Id*. at 160-63.

**Count V: Individual/Class Action for Declaratory Judgment by Attorney Dubin Against all State Defendants for Their Unconstitutional Violation of Due Process**
The attorney discipline procedures as promulgated and/or as applied deny targeted attorneys their constitutionally protected evidentiary and appellate rights in violation of the Due Process constitutional guaranties to a fair hearing embodied in the 14th Amendment. *Id*. at 163-66.

**Count VI: Individual /Class Action for Declaratory Judgment by Client Plaintiffs Against all State Defendants for their Unconstitutional Violation of Due Process**
Count VI is the same as Count V but asserted by the Client Plaintiffs. *Id*. at 166-69.

**Count VII: Individual Action for Actual and Punitive Damages by Attorney Dubin Against all Civil Rights Defendants for Their Unconstitutional Violation of Due Process**
The Civil Rights Defendants individually or together conspired to target Mr. Dubin, hiding conflicts of interest and exculpating evidence and providing false information to get Mr. Dubin disbarred, denying him his right to a fair hearing, in violation of his constitutional right to Due Process. *Id*. at 169-171.

**Count VIII: Individual Action for Actual and Punitive Damages by Client Plaintiffs Against all Civil Rights Defendants for Their Unconstitutional Violation of Due Process**
Count VIII is the same as Count VII but asserted by the Client Plaintiffs. *Id*. at 171-73.

**Count IX: Individual Action for Actual and Punitive Damages by Attorney Dubin Against all Civil Rights**

-11-

**Defendants for Their Unconstitutional Violation of Freedom of Speech**
The Civil Rights Defendants individually or together conspired to remove Mr. Dubin as a "local, national talk show host whose principal motivation was revealed when the ODC, for example, complained to the Hawaii Supreme Court, *supra*, that Dubin's radio show was a 'menace to the general public.'" *Id*. at 174-76.

As relief, Plaintiffs seek: (1) a declaratory judgment that "the Hawaii Supreme Court's attorney disciplinary structure" is unconstitutional as promulgated and/or as applied; and (2) an award of actual and punitive damages. Dkt. #1 at 176-77. In addition, Mr. Dubin seeks a separate judgment "pursuant to the Freedom of Speech guaranty of First Amendment", awarding him actual and punitive damages. All Plaintiffs seek their attorneys' fees and costs. *Id*. at 177.

## IV.   STANDARDS FOR MOTIONS TO DISMISS

### A.   Rule 12(b)(1), Fed. R. Civ. P.

This motion is brought pursuant to Rule 12(b)(1), Fed. R. Civ. P. for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may challenge the sufficiency of the allegations in the complaint or the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, F.2d 730, 733 (9th Cir. 1979). When, as in this case, the motion to dismiss is a factual attack on subject matter jurisdiction, the plaintiffs bear the burden of proving that subject matter jurisdiction exists. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992); *Mason v. Arizona*, 260 F. Supp. 2d 807, 815

(D. Ariz. 2003).    The court will not infer allegations sufficient to support federal

subject matter jurisdiction and the existence of disputed material facts will not

preclude the court from evaluating the existence of subject matter jurisdiction in

fact. *Thornhill Publ'g*, 594 F.2d at 733.

      B.     <u>Rule 12(b)(6), Fed. R. Civ. P.</u>

      This motion is also brought pursuant to Rule 12(b)(6), Fed. R. Civ. P.

In deciding a motion to dismiss for failure to state a claim upon which relief can be

granted, the court must accept as true the plaintiff's allegations and view them in a

light most favorable to the plaintiff. *Wileman Bros. & Elliott, Inc. v. Giannini*,

909 F.2d 332, 334 (9th Cir. 1990).  However, conclusory allegations and

unwarranted inferences will not defeat a motion to dismiss. *Pareto v. FDIC*,

139 F.3d 696, 699 (9th Cir. 1998); *Sherman v. Yakahi*, 549 F.2d 1287, 1290

(9th Cir. 1977).

      A motion to dismiss under Rule 12(b)(6) must be granted if an

affirmative defense or other bar to relief is apparent from the face of the complaint

such as the absolute immunity of a defendant or claim preclusion.  2 Moore's

Federal Practice §12.34[4][b] at 12-99 (Matthew Bender 3d ed.) (citing *Kansa*

*Reins. Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366

(5th Cir. 1994). *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (dismissal

under Rule 12(b)(6) was proper where prosecuting attorney acted within scope of

his duties in initiating criminal prosecution and presenting state's case was immune from civil suit under Civil Rights Act of 1871).

Although generally a motion to dismiss under Rule 12(b)(6) is limited to the contents of the complaint, the court may "consider certain material – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## V.   THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE

### A.   Federal District Courts Do Not Have Jurisdiction over Attorney Disciplinary Proceedings

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  Moreover, "[i]t is presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).  Plaintiffs cannot overcome that presumption and meet their burden to show that this court has jurisdiction to decide their claims.

Plaintiffs contend that the HSC lacks jurisdiction to oversee attorney disciplinary proceedings.  Dkt. #1 at 24, 150.  To support their contention, they

rely primarily on the fact that the Hawaii legislature established DCCA and gave DCCA statutory responsibility for licensing, regulating and disciplining certain professions and occupations but not attorneys and the legal profession for which the HSC has responsibility. *Id*. at 23-24. Undeniably, there is a different licensing and regulatory scheme for attorneys and other professions but there is no requirement that the licensing and regulation of all professions be the same and there is no authority to support Plaintiffs' claim that the difference is unconstitutional or illegal.

To the contrary, in Hawaii, it has long been established that attorney disciplinary proceedings fall within the exclusive jurisdiction of the HSC and not the legislature. *See In re Trask*, 46 Haw. 404, 389 P.2d 751 (1963).

> The power to regulate the admission to practice and the disbarment or disciplining of attorneys is judicial in nature and is inherent in the courts. Subject to the limitation that the essential elements of notice and opportunity to be heard must be preserved, the court may prescribe such procedure in disciplinary proceedings that it deems appropriate. The primary power in that respect rests with the court and not the legislature.

*Id*. at 415, 389 P.2d at 758 (emphases added, citations omitted).

The HSC is responsible for examining, admitting and reinstating attorneys and has the "sole power to revoke or suspend the license of any such

-15-

practitioner."  *See* Haw. Rev. Stat. § 605-1(a).  Further, pursuant to Rule 2.1,

RSCH[8],

> [a]ny attorney admitted to practice law in this state and
> any attorney specially admitted by a court of this state for
> a particular proceeding is subject to the exclusive
> disciplinary jurisdiction of the [Hawaii] supreme court
> and the [Disciplinary Board of the Hawai'i Supreme
> Court] hereinafter established.

(Emphasis added).  Thus, Rule 2.1, RSCH expressly provides that the HSC has

"exclusive" jurisdiction over attorney disciplinary actions.  *See In re Corey*,

55 Haw. 47, 48, 515 P.2d 400, 401 (1973) (HSC "has jurisdiction over matters

concerning disciplinary action of members of the bar") (citation omitted).  *See also*

*In the Matter of the Disciplinary Board of the Hawai'i Supreme Court*, 91 Haw.

363, 368, 984 P.2d 688, 693 (1999) ("Attorney disciplinary proceedings are *sui*

*generis*, conducted in accordance with the provisions of Rule 2, to implement [the

HSC's] authority to regulate the practice of law.") (citation omitted).

In accordance with Hawaii law, federal courts have held that they lack

jurisdiction to interfere with state attorney disciplinary proceedings.  *See Doe v.*

*State Bar of California, et al*., 582 F.2d 25 (9th Cir. 1978) (federal court did not

have jurisdiction to enjoin state disciplinary proceeding); *Clark v. State of*

*Washington*, 366 F.2d 678 (9th Cir. 1966) (federal courts do not have jurisdiction

---

[8] The rules promulgated by the supreme court relating to process, practice,
procedure and appeals have the force and effect of law.  *See* Haw. State Const.,
Art. VI, Sec. 7.

-16-

to set aside state court disbarment order); *Saier v. State Bar of Michigan*, 293 F.2d 756, 759 (6th Cir. 1961) ("License to practice law, the continuation of such license, regulation of the practice and procedure for disbarment and discipline are all matters that are within the province of an individual state."); *Doe v. State Bar of California*, 415 F. Supp. 308 (N.D. Cal. 1976) (case dismissed because federal courts do not have jurisdiction to interfere with disciplinary proceedings of the State Bar).

Here, Plaintiffs have asserted claims against the HSC, the Justices and the Disciplinary Defendants alleging that the HSC does not have jurisdiction over the attorney disciplinary process and Mr. Dubin was: (i) wrongfully targeted as an unscrupulous foreclosure defense attorney (*see* Dkt #1 at 75); (ii) falsely alleged to have committed various ethical violations (*see id* at 82-137); and (iii) subjected to a hearing that violated his right to Due Process and a fair hearing, resulting in the HSC's disbarment Order (*see, e.g., id* at 169-70). As relief, Plaintiffs seek a declaratory judgment that the HSC's attorney disciplinary structure is unconstitutional as promulgated and/or as applied pursuant to the Hawaii State Constitution and damages. *Id*. at 176-77. In addition, Mr. Dubin seeks a separate judgment awarding him actual and punitive damages for the alleged violation of his First Amendment right to free speech. *Id*. at 177.

Based on precedent in the Ninth Circuit and elsewhere, this Court lacks jurisdiction to decide Plaintiffs' claims and the Complaint must be dismissed with prejudice.

B.     The Client Plaintiffs Lack Standing

The Client Plaintiffs lack standing and they must be dismissed with prejudice.  As noted above, pursuant to Article III, Section 2 of the United States Constitution, the jurisdiction of federal courts is limited to cases or controversies. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).  Article III standing requires: (1) a concrete and particularized injury that is 'actual or imminent, not conjectural or hypothetical'; (2) 'a causal connection between the injury and the conduct complained of'; and (3) a likelihood that a favorable decision will redress that injury. *Id*. at 560-61 (internal quotations and citations omitted).

Here, the Client Plaintiffs lack Article III standing.  "The fact is that the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer involved.  [A third party plaintiff] has no more standing to insert himself substantively into a license-based discipline system than he has to compel the issuance of a license.'"  *Andrich v. Adel, et al*., 2021 WL 977143 (D. Ariz. 2021) quoting *Doyle v. Oka. Bar Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993).  *See In re Disciplinary Board*, 91 Hawaii 363, 368, 984 P.2d 688, 693 (1999) ("Under Rule 2 [RSCH], complaining witnesses are not parties to disciplinary cases and they have

-18-

no standing under Rule 2 to seek review of ODC or Disciplinary Board decisions.") (footnote omitted).

The Client Plaintiffs lack standing and they must therefore be dismissed with prejudice.

C.   The Court Lacks Jurisdiction over Plaintiffs' Claims under the Rooker-Feldman Doctrine[9]

This lawsuit is an improper appeal by Mr. Dubin of the HSC's Order of Disbarment.  *See* Order of Disbarment filed on September 9, 2020, Exhibit "E", Chun Decl.  This Court therefore lacks jurisdiction to review the Order of Disbarment and decide Plaintiffs' claims pursuant to the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine provides that "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claims that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005 (1994).  The Rooker-Feldman doctrine divests the federal district court of jurisdiction to review a state court judgment even when federal questions are presented.  *Allah v. Superior Ct. of State of Cal.*, 871 F.2d 887, 891

---

[9] Alternatively, in light of on-going Lawyers' Fund proceedings triggered by Mr. Dubin's disbarment (*see* Defendant Lawyers' Fund Joinder in Defendants' Motion to Dismiss or in the Alternative, Motion to Abstain filed herein on June 17, 2021), this court should abstain from exercising jurisdiction to decide Plaintiffs' claims.  *See Younger v. Harris*, 401 U.S. 37 (1971).

(9th Cir. 1989). Accord *Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987)

("Federal district courts, as courts of original jurisdiction, may not serve as

appellate tribunals to review errors allegedly committed by state courts").

Under Rooker-Feldman, the district court lacks subject matter

jurisdiction over lawsuits that are *de facto* appeals of state court judgments. *See*

*Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists

when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by

a state court and seeks relief from a state court judgment based on that decision."

*Id.* (internal quotation marks and citation omitted). If a federal court plaintiff's

claims are, in part, a *de facto* appeal, the Rooker-Feldman doctrine also bars any

additional claims inextricably intertwined with an issue resolved by the state court

decision from which the forbidden de facto appeal is taken. *See Cooper v. Ramos*,

704 F.3d 772, 778-79, 782 (9th Cir. 2012). A claim is inextricably intertwined

when, to succeed, the federal court would have to determine that the state court

wrongly decided the issue before it and would thus undercut that state court ruling

or effectively void it. *Id.*

Here, the HSC's Order of Disbarment constitutes a final state court

order for purposes of Rooker-Feldman. *See In re Cook*, 551 F.3d 542, 548 (6th Cir.

2009); *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997); *Livingston v. North Carolina*

*State Bar, et al.*, 364 F. Supp. 587 (E.D. N.C. 2019). Mr. Dubin, the loser in the

attorney disciplinary process, is now appealing the Order of Disbarment, claiming that the HSC lacks authority to exercise jurisdiction over the attorney disciplinary process and that the process itself is flawed.

Pursuant to the Rooker-Feldman doctrine, this Court may not serve as a substitute appellate court and does not therefore have jurisdiction to decide Plaintiffs' claims.  If Mr. Dubin is dissatisfied with the Order of Disbarment, his remedy is, or was, to file a petition for writ of certiorari with the United States Supreme Court (which he did and his petition was denied) – not to file a lawsuit in federal district court against the Defendants in this lawsuit.[10]

Plaintiffs contend that Rooker-Feldman does not bar this action because they are not challenging Mr. "Dubin's disbarment but the jurisdiction of the Court that issued it."  Dkt. #1 at 152-53.  Plaintiffs' attempt to distinguish his disbarment by the HSC from the HSC's jurisdiction over attorney disciplinary matters is unavailing.

---

[10] Plaintiffs allege that "Rooker-Feldman does not bar this action, whose underlying issues have not been adjudicated elsewhere in any Hawaii State Court and which do not directly challenge the Hawaii Supreme Court's disbarment order aforesaid." Dkt. #1 at 171.  Plaintiffs' allegation is misleading.

Mr. Dubin's jurisdictional argument may not have been adjudicated in a Hawaii state court, however, he presented that argument in his Petition for Writ of Certiorari filed in SCOTUS.  SCOTUS denied his petition.  *See* Exhibit "B", Chun Decl.

This lawsuit constitutes a *de facto* appeal of the HSC's Order of Disbarment on the grounds that the HSC lacked jurisdiction to issue such an order. By seeking a declaratory judgment that the HSC's "attorney disciplinary structure" is unconstitutional as promulgated and/or as applied under the Constitution of the State of Hawaii, Mr. Dubin is necessarily asking this Court to overturn the HSC's Disbarment Order. The Rooker-Feldman doctrine precludes this Court from reviewing Hawaii's attorney disciplinary procedure and Mr. Dubin's Disbarment Order.[11]

D.    The Eleventh Amendment and Sovereign Immunity Doctrine Bars Plaintiffs' Claims

The Eleventh Amendment to the United States Constitution bars Plaintiffs from suing the State of Hawaii in federal court. *See, e.g.*, *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) (quoting *Memphis & Charlestown R.R. Co. v. Tennessee*, 101 U.S. 337, 339 (1880)) ("The principle is elementary that a State cannot be sued in its own courts without its consent."). Although the Eleventh Amendment explicitly immunizes a state from suit "by Citizens of

---

[11] This court also lacks jurisdiction over the Disciplinary Defendants as masters appointed by the HSC, a court that has not granted Plaintiffs permission to file suit against them. *See Barton v. Barbour*, 104 U.S. 126, 129 (1881) (court-controlled receiverships may be sued by naming receivers in their official capacities if permission is granted by the appointing court.); *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012) ("As an initial matter, we note that the Barton doctrine is jurisdictional in nature. *See Barton*, 104 U.S. at 131 (without leave of the appointing court, another court has "no jurisdiction to entertain a suit" against a receiver)").

another State," U.S. CONST. amend. XI, SCOTUS "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890); other citations omitted); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citations omitted) ("There can be no doubt, however, that suit against the State . . . is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

This immunity extends to governmental entities that are arms of the State such as state courts and state Bar associations. *See Franceschi v. Swartz*, 57 F.3d 828 (9th Cir. 1994) (municipal court was an arm of the state for purposes of 11th Amendment immunity); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708 (1995) (11th Amendment immunity bars monetary relief from Bar Association and Bar court); *Strojnik v. State Bar of Arizona*, 446 F.Supp.3d 566, 573 (D. Ariz. 2020) (state Bar is an arm of the Arizona Supreme Court) (citation omitted); *Kay v. State Bar of California*, 2009 WL 1456433 (N.D. Ca. 2009) (11th Amendment immunity extends to State Bar and its Board of Governors); *Fahy v. Justices of the Supreme Court of California*, 2008 WL 4615476 (N.D. Ca. 2008) (due to 11th Amendment immunity court dismissed claims against Supreme Court of California and State Bar, as well as claims against

-23-

State Bar Defendants and California Supreme Court justices); *Salman v. State of Nevada Com'n on Judicial Discipline*, 104 F.Supp.2d 1262 (D. Nev. 2000) (Nevada commission on Judicial Discipline is an agency or department of the state for purposes of 11th Amendment immunity).

Further, immunity from suit under the Eleventh Amendment is a "jurisdictional bar [that] applies regardless of the nature of the relief sought." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)); *see also Kenney v. Hawaii*, 109 F. Supp. 2d 1271, 1275 (D. Haw. 2000) ("The Eleventh Amendment generally bars actions in federal courts against states, regardless of the remedy sought, and actions against state officials in their official capacity where the relief sought is money damages.").

Applied here, 11th Amendment immunity bars Plaintiffs' claims for declaratory relief and damages against the HSC and the Disciplinary Entities. Plaintiffs' claims against the HSC and the Disciplinary Entities must be dismissed with prejudice.  In addition, 11th Amendment immunity extends to claims against state officials acting in their official capacities.  *See Will*, 491 U.S. at 71. Plaintiffs' claims against the Justices and the Disciplinary Defendants in their official capacities are therefore barred by the 11th Amendment and must be dismissed with prejudice.

-24-

In addition to the immunity offered by the Eleventh Amendment, the Defendants in their official capacities are also protected by the State's sovereign immunity. *See, e.g., Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015) (recognizing that in addition to immunity under the Eleventh Amendment, "States also enjoy a broader sovereign immunity, which applies against all private suits, whether in state or federal court."); *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 193 (3d Cir. 2008) (holding that "state sovereign immunity includes both immunity from suit in federal court and immunity from liability, and that a State may waive one without waiving the other"); *McCants v. Nat'l Collegiate Athletic Ass'n*, 251 F. Supp. 3d 952, 955-56 (M.D.N.C. 2017) ("Courts have recognized two forms or species of state sovereign immunity: (1) Eleventh Amendment immunity and (2) a state's broader, general sovereign immunity."); *see generally Cornfield v. Pickens*, CV No. 16-00924-PHX-ROS, 2016 WL 6584928, at *3 (D. Ariz. July 21, 2016) (recognizing that "[t]he trend in recent years … has been to recognize states retain broad sovereign immunity" even in circumstances in which they may have "waiv[ed] Eleventh Amendment immunity").  But the Hawaii legislature has not waived the State's sovereign immunity from tort suits brought in federal courts where those actions could otherwise be brought in state court. *Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1268 (D. Haw. 2000).

Plaintiffs allege that sovereign immunity does not bar this action because they have not sued the State of Hawaii and the state treasury is not liable for the damage award they seek.  Dkt. #1 at 171.  Plaintiffs' allegation lacks merit.

Whether under 11th Amendment immunity or sovereign immunity, the HSC and the Disciplinary Entities are arms of the State and Plaintiffs' claims against them, as well as the Justices and the staff of the Disciplinary Entities are barred irrespective of the relief sought.  *Pennhurst*, 465 U.S. 89 (1984); *see Fahy v. Justices of the Supreme Court of California*, 2008 WL 4615476 (N.D. Ca. 2008); *Kenney v. Hawaii*, 109 F. Supp. 2d 1271(D. Haw. 2000); *Salman v. State of Nevada Com'n on Judicial Discipline*, 104 F.Supp.2d 1262 (D. Nev. 2000).

E.     The Plaintiffs' Claims Against the Disciplinary Defendants Are Barred by Quasi- Judicial Immunity

Plaintiffs have sued the Justices in their official capacities (Dkt. #1 at 10) and set forth above, 11th Amendment immunity bars those claims.[12]  *See Will*, 91 U.S. at 71; *Hirsh,* 67 F.3d at 715.

_____

[12] However, even if Plaintiffs sued the Justices in their individual capacities, their claims would be barred by absolute judicial immunity.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("Judicial immunity is recognized because 'judges should be at liberty to exercise their functions with independence and without fear of consequences'); *Forrester v. White*, 484 U.S. 219 (1988).  Further, absolute judicial immunity is an immunity from suit, not just immunity from damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Plaintiffs have named Bradley R. Tamm, Clifford L. Nakea, Roy F. Hughes, Charlene M. Norris and Andrea R. Sink in their individual capacities as Defendants. *Id*. As to these Defendants, Plaintiffs allege:

> In committing each or all of the actions and omissions described below, Tamm, Nakea, Hughes, Norris and Sink each singularly harmed Dubin and his Clients under color of state law in violation of Hawaii's applicable Rules of Professional Conduct and Hawaii's Revised Code of Judicial conduct and Hawaii's applicable Rules of Professional Conduct and Hawaii's Revised Code of Judicial Conduct and Hawaii Supreme Court Rules and Hawaii's Rules of the Disciplinary Board of the Hawaii Supreme Court, as identified below, committing said unethical and other wrongful acts proscribed within one or more or all of those Rules promulgated by the Hawaii Supreme Court.

Dkt. #1 at 19.

As Plaintiffs allege, ODC is the disciplinary investigative arm of the HSC (*id.* at 15); its staff includes Defendants Bradley Tamm, Chief Disciplinary Counsel, Charlene Norris, Special Assistant Disciplinary Counsel and Andrea Sink, a paralegal/investigator. *Id*. at 16-18. Plaintiffs' claims against these Defendants are barred by prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Hirsh*, 67 F.3d at 715; *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986).

In addition, Plaintiffs' claims against Defendants Roy F. Hughes, a hearing officer for the Board, and Clifford L. Nakea, Chair of the Board are also

barred by quasi-judicial immunity.  *See Hirsh*, 67 F.3d 708, 715 (1995)

("Administrative law judges and agency prosecuting attorneys are entitled to

quasi-judicial immunity so long as they perform functions similar to judges and

prosecutors in a setting like that of a court.") (citation omitted); *Strojnik*,

446 F.Supp.3d 566, 576 (2020) ("The Ninth Circuit has repeatedly held that, as an

arm of the state's supreme court in connection with disciplinary proceedings, a

state's bar association 'is an integral part of the judicial process' and is therefore

entitled to the same immunity which is afforded to prosecuting attorneys in that

state."); *Salman*, 104 F.Supp.2d 1262, 1268 (2000) ("Absolute immunity extends

to agency officials when they preside over hearings, initiate agency adjudication,

or otherwise perform function analogous to judges and prosecutors." citing *Butz v.*

*Economou*, 438 U.S. 478 (1978)).  *See also Partington v. Gedan*, 961 F.2d 852,

867 (9th Cir. 1992), as amended (July 2, 1992) (suit against Hawaii Supreme

Court's discipline special master did not "overcome the bar to relief imposed by

judicial immunity").

       Plaintiffs allege that judicial immunity does not bar this action

because the Civil Rights Defendants (collectively, ODC, the Board and the

Lawyers' Fund) Dkt. #1 at 16 were not acting in good faith or performing

legitimate judicial functions or operating "within the protection of an enforcement

quasi-judicial structure".  Dkt. #1 at 171.  Plaintiffs' conclusory allegations and

unwarranted inferences will not defeat a motion to dismiss. *See Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir. 1977).

> F.     Plaintiffs' Claims against the Disciplinary Defendants
>        Are Barred by Immunity under Rule 2.8, RSCH

Further, the Disciplinary Defendants all enjoy judicial immunity under Hawaiʻi law. *See* RSCH Rule 2.8 (Immunity); *Kamaka v. Goodsill Anderson,* 117 Hawaiʻi 92, 105, 176 P.3d 91, 106 (2008) ("RSCH Rule 2.8 does not merely restate the litigation privilege, but affords complainants absolute privilege.").

In short, as set forth above, Plaintiffs' claims against the Disciplinary Defendants in their official capacities are barred by the 11th Amendment and sovereign immunity. Plaintiffs' claims against them in their individual capacities are barred by quasi-judicial immunity. Plaintiffs' claims against the Disciplinary Defendants must therefore be dismissed with prejudice.

## VI.     CONCLUSION

For the foregoing reasons, Defendants respectfully urge the Court to dismiss the Complaint with prejudice. Any amendment of the Complaint to include factual allegations consistent with the existing allegations will not address the legal deficiencies set forth above. *See Schreiber Distr. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986) ("leave to amend should be

granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency") (citation omitted).

Dated:  Honolulu, Hawai'i, June 17, 2021.

/s/ Robyn B. Chun
PATRICIA OHARA
ROBYN B. CHUN
Deputy Attorneys General
Attorneys for Defendants