CLARE E. CONNORS          7936
Attorney General

PATRICIA OHARA            3124
ROBYN B. CHUN             3661
Deputy Attorneys General
Department of the Attorney General
State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi  96813
Telephone: (808) 586-0618
Fax: (808) 586-1372
E-mail: robyn.b.chun@hawaii.gov

Attorneys for Defendants
the Honorable Mark E. Recktenwald, the Honorable Paula A. Nakayama,
the Honorable Sabrina S. McKenna, the Honorable Michael D. Wilson,
the Honorable Katherine S. Leonard, the Supreme Court of the State of Hawaii,
The Office of Disciplinary Counsel of the Hawaii Supreme Court,
The Disciplinary Board of the Hawaii Supreme Court,
The Lawyers Fund for Client Protection of the Hawaii Supreme Court,
Bradley R. Tamm, Clifford L. Nakea, Roy F. Hughes,
Charlene M. Norris, and Andrea R. Sink

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GARY VICTOR DUBIN et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>THE SUPREME COURT OF THE STATE OF HAWAII, et al.<br><br>　　　　Defendants. | CV 21-00175 JAO-KJM<br><br>DEFENDANTS' **REPLY** TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND FOR ACTUAL AND PUNITIVE CIVIL RIGHTS DAMAGES [Doc. 19]; DECLARATION OF ROBYN B. CHUN; EXHIBITS "1" AND "2"; CERTIFICATE OF SERVICE |

# **TABLE OF CONTENTS**

|  |  | **Page** |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| I. | INTRODUCTION | 1 |
| II. | THE VERIFIED COMPLAINT MUST BE DISMISSED WITH PREJUDICE | 2 |
| | A. Federal District Courts Lack Jurisdiction over State Attorney Disciplinary Matters | 2 |
| | B. Alternative Doctrines Require Dismissal for Lack of Jurisdiction or Abstention | 3 |
| | C. Plaintiffs' Claims are Barred by the 11th Amendment, Sovereign Immunity, Judicial Immunity and Quasi-judicial Immunity | 5 |
| III. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Cases**

*Andrich v. Adel, et al.*,
    2021 WL 977143 (D. Ariz. 2021) .................................................................. 4

*Beaulieu v. Vermont*,
    807 F.3d 478 (2d Cir. 2015) ........................................................................ 10

*Conn v. Gabbert*,
    526 U.S. 286 (1999) .................................................................................... 11

*Crowe v. Oregon State Bar,*
    989 F.3d 714 (9th Cir. 2021) ............................................................... 8, 9, 10

*Doe v. State Bar of California, et al.*,
    415 F. Supp. 308 (N.D. Cal. 1976) ............................................................ 2, 3

*Francheschi v. Swartz*,
    57 F.3d 828 (9th Cir. 1994) ......................................................................... 10

*Gerzof v. Gulotta,*
    425 U.S. 901 (1976) ...................................................................................... 3

*Hirsh v. Justices of Supreme Court of State of Cal.*,
    67 F.3d 708 (9th Cir. 1995) ......................................................................... 11

*Kokkonen v. Guardian Life Ins. Co. of America,*
    511 U.S. 375 (1994) ...................................................................................... 5

*In re Disciplinary Board of the Hawaii Supreme Court,*
    91 Haw. 363, 984 P.2d 688 (1999) ................................................................ 9

*Lombardo v. Pa. Dept. of Pub. Welfare,*
    504 F.3d 190 (3d Cir. 2008) ........................................................................ 10

*MacKay v. Nesbett,*
    412 F.2d 846 (9th Cir. 1969) ..................................................................... 2, 3

*McCants v. Nat'l Collegiate Athletic Ass'n.*,
   215 F. Supp. 3d 952 (M.D.N.C. 2017) .................................................................. 10

*Morongo Band of Mission Indians v. California State Board of Equalization*,
   858 F.2d 1376 (9th Cir. 1988) ............................................................................. 5, 6

*Pareto v. FDIC*,
   193 F.3d 696 (9th Cir. 1998) ................................................................................ 10

*Salman v. State of Nevada Com'n on Judicial Discipline*,
   104 F. Supp.2d 1262 (D. Nev. 2000) ................................................................... 11

*Sherman v. Yakahi*,
   549 F.2d 1287 (9th Cir. 1977) ........................................................................ 10, 11

*Steel Co. v. Citizens for a Better Environment*,
   523 U.S. 83 (1998) ................................................................................................. 5

**Federal Constitution**

United States Constitution Article III ............................................................................ 4

**State Statutes**

Hawaii Revised Statutes § 605-1 ............................................................................. 6, 7
Revised Laws of Hawaii, Section 2323 (1915, amended 1921) .................................. 7
Kingdom of Hawaii's Civil Code (1859), Ch. XXI, §1065 ......................................... 7
Kingdom of Hawaii's Civil Code (1859), Ch. XXI, §1066 ......................................... 7

**State Constitution**

Hawaii Constitution Article I, §1 ................................................................................. 6
Hawaii Constitution Article I, §7 ................................................................................. 6
Hawaii Constitution Article VI, Sec. 1 ...................................................................... 10

**Rules**

Local Rule 7.4(b) ................................................................................................. 9
Local Rule 7.4(e) ................................................................................................. 9
RSCH Rule 2 ................................................................................................. 7, 10
RSCH Rule 2.4(e)(8) ......................................................................................... 10
RSCH Rule 2.8 ..................................................................................................... 7
RSCH Rule 6 ..................................................................................................... 10
RSCH Rule 10 ............................................................................................... 7, 10
RSCH Rule 10.4(1) ........................................................................................... 10
RSCH Rule 10.9 .................................................................................................. 8
RSCH Rule 11 ................................................................................................... 10
RSCH Rule 16 ................................................................................................... 10
RSCH Rule 17(b) .............................................................................................. 10
RSCH Rule 17(d)(3)(B) .................................................................................... 10
RSCH Rule 17(d)(3)(C) .................................................................................... 10

DEFENDANTS' **REPLY** TO PLAINTIFFS' MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH
PREJUDICE VRIFIED COMPLAINT FOR DECLARATORY RELIEF
AND FOR ACTUAL AND PUNITIVE CIVIL RIGHTS DAMAGES [Doc. #19]

I.  INTRODUCTION

Plaintiffs' arguments to the contrary notwithstanding, Defendants' Motion to Dismiss must be granted because:

(a) This court, like all Federal District Courts, lacks jurisdiction to decide claims arising out of state attorney disciplinary matters regardless of the specific relief sought;

(b) Alternative legal doctrines require dismissal for lack of jurisdiction or abstention; and

(c) Plaintiffs' claims against the Hawaii Supreme Court ("HSC"), the HSC Justices, the Office of Disciplinary Counsel of the HSC, the Disciplinary Board of the HSC, the Lawyers' Fund for Client Protection of the HSC and the Civil Rights Defendants are barred by the 11th Amendment, sovereign immunity, judicial immunity and quasi-judicial immunity.

Further, dismissal of the Verified Complaint must be with prejudice because an amendment of the Verified Complaint to include factual allegations consistent with the existing allegations will not address the legal deficiencies set out below as well as in the Memorandum in Support.

II.    THE VERIFIED COMPLIANT MUST BE DISMISSED WITH PREJUDICE

    A.    Federal District Courts Lack Jurisdiction over State Attorney Disciplinary Matters

Plaintiffs simply dismiss federal court decisions, including decisions of the Ninth Circuit Court of Appeals, holding that federal courts lack jurisdiction over state attorney disciplinary procedures, because the relief sought in some of those cases differs from the relief Plaintiffs seek here. Dkt. #19 at 497.[1]  For purposes of the court's subject matter jurisdiction over state attorney disciplinary procedures in this case, that is a distinction that makes no difference and Plaintiffs fail to explain why it does or to present authority to support their contention.

Other than to note that they have jurisdiction to decide reciprocal disbarment proceedings, federal district courts make no distinction based on the nature of relief sought. *See, e.g. MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969) ("a federal court may, of course, examine a state court disciplinary proceeding if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court.") (citation omitted).  "The Ninth Circuit has held explicitly that federal district courts do not have jurisdiction to review state court orders concerning the discipline of state bar members." *Doe v. State Bar of*

---

[1] All citations to "dkt." refer to this court's CM/ECF-PACER docket.  "Pin" (page citations) refer to the sequential "PageID #" imprinted by the court at the top of each page.

*California et al.,* 415 F. Supp. 308, 311 (N.D. Cal. 1976) relying in part on *Gerzof v. Gulotta*, 425 U.S. 901 (1976) (where a three-judge panel dismissed suit brought to test the constitutionality of New York's procedures to discipline attorneys for professional misconduct). *See MacKay,* 412 F.2d at 846 ("order of a state court relating to the admission, discipline and disbarment of members of its bar may reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.").

      B.    Alternative Doctrines Require Dismissal for Lack of Jurisdiction or Abstention

Alternatively, this court lacks jurisdiction pursuant to the Rooker-Feldman doctrine. Plaintiffs contend that Rooker-Feldman is not a "bar to the protection of Plaintiffs' constitutional rights in this case" because Plaintiffs are challenging the Hawaii Supreme Court's ("HSC") jurisdiction and do not seek to reverse its factual findings. Dkt #19 at 510. Plaintiffs' attempt to avoid the Rooker Feldman doctrine lacks merit.

By seeking a declaratory judgment that the HSC's attorney disciplinary procedure is unconstitutional, Plaintiffs are implicitly and necessarily asking this Court to overturn the HSC's disbarment order. Plaintiffs acknowledge this point. Dkt. #19 at 503 n.3 (". . . although once again presently this lawsuit does not seek to set aside [Mr. Dubin's] disbarment, **which would arguably result** once the

entire Hawaii Bar is freed from the specter of the federal constitutional abuses he experienced in abundance.") (emphasis added).

Alternatively, if the Court does not dismiss this action for lack of jurisdiction, it should abstain pursuant to the Younger Abstention doctrine. Mr. Dubin contends that Defendants should not be allowed to claim that the HSC's proceedings are final and cannot be appealed to the District Court while asking that Court to abstain because the Lawyers' Fund is reviewing and paying claims made for Mr. Dubin's actions and conduct. Dkt. #19 at 511-12. There is no contradiction.

The HSC's disbarment order is final and cannot be appealed to the district court. The Lawyers' Fund is dealing with claims resulting from that decision and meanwhile, if this Court does not dismiss this action, it should abstain from proceeding.

Plaintiffs also contend that "continual injuries to [Mr. Dubin's] individual clients are all ongoing and brutal". Dkt. #19 at 509. It may be that the Client Plaintiffs' injuries are on-going but that does not give them Article III standing to challenge the HSC's attorney disciplinary proceeding. *See Andrich v. Adel, et al.*, 2021 WL 977143 (D. Ariz. 2021) ("the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer involved").

In short, "[i]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Plaintiffs have not overcome the presumption and established that this court has jurisdiction to decide their claims.

Because the court lacks jurisdiction to decide Plaintiffs' claims, the court must dismiss the Verified Complaint with prejudice; the court does not, and cannot, reach or decide any other claims or issues. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Where 'jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (footnote and citations omitted).

      C.    <u>Plaintiffs' Claims are Barred by the 11th Amendment, Sovereign Immunity, Judicial Immunity and Quasi-judicial Immunity</u>

Even if the Court does have jurisdiction, Plaintiffs' claims are nevertheless, barred and the Verified Complaint must be dismissed with prejudice.

Plaintiffs contend that the 11th Amendment does not bar their claims and "plausibly questions whether the Hawaii Supreme Court even itself has the

834442_1

-5-

protection of the Eleventh Amendment and sovereign immunity as an institution . . . ." Dkt. #19 at 502.  Plaintiffs further contend that "neither the Hawaii State Constitution nor the Hawaii Revised Statutes nor the history of such judicial authority in the United States facially or factually supports such claims for the Court." *Id*.  These statements belie either a complete misunderstanding, or intentional misdirection, of Hawaii law.

    The Hawaii Constitution provides:

> The judicial power of the State shall be vested in one supreme court, one intermediate appellate court, circuit courts, district courts and in such other courts as the legislature may from time to time establish …

Haw. Const. Art 1, §1 (emphasis added).  The Constitution further provides:

> The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law.

Haw. Const. Art. 1, §7 (emphasis added).  Consistent with, and in recognition of this constitutional grant of authority, Hawaii statutory law provides:

> **§605-1 Attorneys, qualifications.** (a)  The supreme court may examine, admit, and reinstate as practitioners in the courts of the State, such persons as it may find qualified for that purpose, who have taken the prescribed oath of office.  The supreme court shall have the sole power to revoke or suspend the license of any such practitioner.

HRS § 605-1 (emphasis added).[2]  It is from this constitutional and statutory authority that the HSC has promulgated the Rules of the Supreme Court of Hawaii (RSCH), including Rule 2 (Disciplinary Rules) and Rule 10 (Lawyers' Fund for Client Protection).  Those rules specifically provide:

> Complaints submitted to the Board or Counsel or testimony given with respect thereto … shall be absolutely privileged and no lawsuit predicated thereon may be instituted. <u>Members of the Board</u>, members of the hearing committees, <u>hearing officers, [Disciplinary] Counsel</u>, counsel to the Board, <u>staff</u>, volunteers, … appointed pursuant to Rules … 2.5, … <u>shall be immune from suit</u> and liability for any conduct in the course of their official duties.

RSCH Rule 2.8 (emphasis added).

> Testimony and information given regarding claims submitted to the Fund shall be absolutely privileged and no lawsuit based on the testimony and information may be instituted, … <u>Trustees and the trustees' staff</u> and the Board of Directors and members and staff of the Hawaiʻi State Bar <u>shall be immune from suit</u> and liability for any conduct in the course of their official duties.

---

[2] HRS § 605-1 derived from earlier territorial law ("… supreme court shall have the sole power to revoke or suspend the license of any such practitioners or to dismiss or suspend them from the roll of practitioners for malpractice, fraud, deceit or other gross misconduct." Revised Laws of Hawaii, Section 2323 (1915, amended 1921) *see* Exhibit "1" to the Declaration of Robyn B. Chun attached hereto ("Chun Decl"), which in turn derived from Kingdom of Hawaii's Civil Code (1859), Ch. XXI, § 1065 ("The Supreme Court shall have power to examine and admit as practitioners in the courts of record …") and § 1066 ("Said practitioners shall be summarily amenable to the courts of record, and may be fined, imprisoned or dismissed from the roll of practitioners, for satisfactory cause.") (*see* Exhibit "2" to Chun Decl).

RSCH Rule 10.9.

Thus, the disciplinary authority of Hawaii is hardly "judge made" as Plaintiffs claim – it instead derives from the Hawaii Constitution and is codified by the Hawaii legislature; with a history tracing from the Hawaii Kingdom, through its territorial period, and into statehood. It is that constitutional and statutory authority that results in a grant of immunity to the court, judges, agencies and individual Defendants herein.

Plaintiffs' argument that the HSC's jurisdiction to regulate the practice of law, through its constitutionally, and legislatively authorized rules, is insufficient to confer immunity on its disciplinary officers by application of *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021) is equally infirm. Dkt. #19 at 499-502.

In *Crowe,* certain Oregon lawyers filed suit against their unified Bar, alleging infringement of their First and Fourteenth Amendment rights of speech and association under the U.S. Constitution. *Crowe*, at 720. The issue before the court was "whether [the Oregon State Bar] is an arm of the state entitled to immunity under the Eleventh Amendment. *Crowe*, 989 F.3d at 730 (emphasis added). Conversely, here the complaint was filed by a disbarred lawyer and several of his former clients challenging not the state bar, but the state's highest

court, its justices and its officers, appointees and masters.[3]  Plaintiffs here seek judgment "declaring the Hawaii Supreme Court's attorney disciplinary structure … to be unconstitutional …" and for "actual and punitive [money] damages."  Dkt. #1 at 176-77.[4]

The *Crowe* panel noted: "'The Oregon State Bar is a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon.' … OSB is an integrated bar, … Subject to oversight by the Oregon Supreme Court, OSB administers bar exams, investigates applicants' character and fitness, formulates and enforces rules of professional conduct, and establishes minimum continuing legal education requirements for Oregon attorneys."  *Id.*

Unlike *Crowe* the Hawaii State Bar Association ("HSBA"), <u>is not a party</u> or in any way implicated in this lawsuit.  Even if it was, the HSBA has no relation, control or power over the Hawaii Supreme Court's Disciplinary Board (DB), it's Lawyers Fund for Client Protection (LFCP), or it's Office of Disciplinary Counsel (ODC) other than as a collection conduit for disciplinary and lawyers fee

---

[3] The DB and ODC are "special masters" of the Hawaii Supreme Court.  *In re Disciplinary Board of the Hawaii Supreme Court*, 91 Haw. 363, 368-369, 984 P.2d 688, 694 (1999).

[4] Plaintiffs' opposition, rather than citing to the docket, incorporates by reference their 193 page Complaint (Dkt #19 at 495) thereby greatly exceeding the LR 7.4(b) word and page limitations and omitting the required certification of LR 7.4(e).

assessments by the court. RSCH Rules 2.4(e)(8), 10.4(l), 17(b), 17(d)(3)(B)-(C).[5] In short, the issue here, unlike *Crowe*, is not whether the HSBA is an arm of the State; *Crowe* is therefore inapposite to this case.

With respect to the HSC, there can be no dispute that the 11th Amendment bars Plaintiffs claims against the HSC, which is established by the Hawaii Constitution. *See* Art. VI, sec. 1, Hawaii State Constitution. *See Francheschi v. Swartz*, 57 F.3d 828 (9th Cir. 1994). However, even assuming the 11th Amendment does not bar Plaintiffs' claims against the HSC, Plaintiffs' claims are barred by state sovereign immunity. *See, e.g., Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015); *Lombardo v. Pa. Dept. of Pub. Welfare*, 540 F.3d 190, 193 (3d Cir. 2008); *McCants v. Nat'l Collegiate Athletic Ass'n.*, 251 F. Supp. 3d 952, 955-56 (M.D.N.C. 2017).

Plaintiffs allege that sovereign immunity does not bar their claims against the Civil Rights Defendants because the state treasury is not liable for a damage award against them (*see* Dkt. #1 at 171). Plaintiffs' conclusory allegation is insufficient to defeat a motion to dismiss. *See Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

---

[5] Bar "assist[s]" the court in "Rule 2" (discipline) and "Rule 10" (Lawyers' Fund), but its powers of control are limited to Rules 6 (professional corporations), 11 (IOLTA) and 16 (substance abuse).

With respect to judicial immunity, as to the individual Justices, Plaintiffs state there is "no issue of judicial immunity that needs questioning at this time". Dkt #19 at 504. Precisely what Plaintiffs mean by this statement is unclear, but it appears that they acknowledge that judicial immunity bars their claims against the HSC justices.

Relying on *Conn v. Gabbert*, 526 U.S. 286 (1999), Plaintiffs argue at length that the Civil Rights Defendants are not entitled to qualified immunity. Dkt. #19 at 505-507. It appears that Plaintiffs have confused quasi-judicial immunity with qualified immunity. In any event, their reliance on *Conn* which addresses qualified immunity is misplaced. With respect to quasi-judicial immunity, Plaintiffs' claims against the Civil Rights Defendants, acting as arms of the HSC, are barred by quasi-judicial immunity. *See Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708 (9th Cir. 1995); *Salman v. State of Nevada Com'n on Judicial Discipline*, 104 F.Supp.2d 1262 (D. Nev. 2000). Plaintiffs' conclusory allegations of supposed wrongdoing on the part of the Civil Rights Defendants and unwarranted inferences (Dkt. #19 at 507) again will not defeat a motion to dismiss. *See Pareto*, 139 F.3d 696 (9th Cir. 1998); *Sherman*, 549 F.2d 1287 (9th Cir. 1977).

III. CONCLUSION

For the foregoing reasons in addition to the reasons set forth in the Memorandum in Support (Dkt. #10-1), the Verified Complaint must be dismissed with prejudice.

DATED: Honolulu, Hawai'i, August 2, 2021.

           CLARE E. CONNORS
           Attorney General of Hawaii

           */s/ Robyn B. Chun*
           ROBYN B. CHUN
           Deputy Attorney General
           Attorney for Defendants
           Supreme Court of the State of Hawaii, Chief Justice Mark E. Recktenwald, Associate Justices Paula A. Nakayama, Sabrina S. McKenna, Michael D. Wilson and Katherine S. Leonard, the Office of Disciplinary Counsel of the Hawaii Supreme Court, the Disciplinary Board of the Hawaii Supreme Court, Lawyers' Fund for Client Protection of the Hawaii Supreme Court, Bradley R. Tamm, Clifford L. Nakea, Roy F. Hughes, Charlene M. Norris, and Andrea R. Sink