KEITH M. KIUCHI 2735
American Savings Bank Tower
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813

Telephone: (808) 533-2230
Facsimile: (808) 533-4391
E-Mail: kkiuchi106@cs.com

*Attorney for Plaintiff*
*Gary Victor Dubin*

GARY VICTOR DUBIN
Harbor Court Office Tower
55 Merchant Street, Suite 3100
Honolulu, Hawaii 96813

Telephone: (808) 537-2300
Facsimile: (808) 523-7733
E-Mail: gdubin@dubinlaw.net

*Attorney for Client Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GARY VICTOR DUBIN, doing business as the Dubin Law Offices; individually and on behalf of all Hawaii attorneys similarly situated,<br><br>　　　　Attorney Plaintiff,<br><br>　and<br><br>CHRISTIE ADAMS; TORU AKEHI; GWEN ALEJO-HERRING; GLORIA ALMENDARES; JERIS YUKIO | ) Case No. 1:21-cv-00175-JAO-KJM<br>)<br>) PLAINTIFFS' LOCAL RULE 60.1<br>) JOINT REQUEST FOR<br>) RECONSIDERATION OF THIS<br>) COURT'S 8/26/21 MINUTE ORDER<br>) [Doc. 32] DENYING PLAINTIFFS'<br>) REQUEST [Doc. 31] TO THE<br>) HONORABLE J. MICHAEL<br>) SEABRIGHT, CHIEF JUDGE, TO<br>) AMEND HIS JULY 12, 2021<br>)　　(CAPTION CONTINUED ON NEXT PAGE) |

| | |
|---|---|
| AMAZAKI; DEBRA ANAGARAN; DIRK APAO; MARGARET APAO; JERRY BADUA; JULIA BADUA; LIAO LUCY BAMBOO; MIA BAN; ROMAN BAPTISTE; CHARLES BASS; LAURIE BASS; AGRIPINO PASCUA BONILLA; RUTH ROJAS BONILLA; SHERILYN MAY ROJAS BONILLA; KANOA ROSS BRISTOL; DONNA BROOKS; DAVID R. BROWN; REYNALDO CABUDOL; CHRISTY CARRICO; PHINEAS CASADY; JOYCE CHANDLER; WILLIAM CHANDLER; JENNIFER CHAPMAN; LUIS C. CHAVEZ; STEPHEN CHEIKES;  MERVIN HALFRED NAEA CHING; LUCIA CHING; SUTAH CHIRAYUNON; SEUNG CHOI; BRETT CHRISTIANSEN; AH MEI CHUN; HUGH JOHN COFLIN; JANET COFLIN; RUSSEL COLE; PAUL COLLINS; WATOSHNA LYNN COMPTON; GEORGE COSTA; GREGORY CLYDE SOUZA CRAVALHO; TONI NOELANI CRAVALHO; ROGER CUNDALL; ERIC LEE DAVIES; WILLIAM DAVIS; VANDETTA DAVIS; YUKIKO HAYASHI DAY; PAIGE DE PONTE; FATIMA DUNCAN; CAROLINA CABUDOL EALA; EDWIN PAET EALA; DAVID WENDELL ELLIS; LORI LYNN ELLIS; JANICE ELLISON; SCOTT ELLISON; NELIE BANIAGA ESCALANTE; NORBERTO RAMELB ESCALANTE; ELENA FEDOROVA; AKIKO FERGERSTROM; JUSTIN FERGERSTROM; JOHN J. | ) "ORDER APPOINTING THREE-<br>) JUDGE HEARING PANEL"<br>) IN RELATED CIVIL NO. 20-00419-<br>) JAO-LEK-KLM [Doc. 39] TO<br>) INCLUDE THIS CASE AND TO<br>) CONSOLIDATE THE TWO CASES;<br>) CERTIFICATE OF SERVICE |

(CAPTION CONTINUED ON NEXT PAGE)

FREEPARTNER III; LISA MARIE )
FREEPARTNER; MICHAEL J. )
FUCHS; IRENE SAJOR GANO; )
ROYD ALLEN GANO; EDNA )
GANTT; PAUL GANTT; LEAH )
GILLESPIE; ROBERT GILLESPIE; )
ELIZABETH GILLETTE; DAVID )
GOODWIN; MALIA GRACE; )
ANTONIO GRAFILO; NELIA )
GRAFILO; HOWARD GREENBERG; )
KENNETH HAGMANN; MICHAEL )
JON HAMMER; DARRYL HASHIDA; )
SEAN HAYWORTH; NICOLE )
FLORES HOSAKA; TOD HOSAKA; )
CHRISTIAN JENSEN; DAVID )
KAPLAN; DONALD KARLEEN; )
BEATA KARPUSIEWICZ; )
JAROSLAW KARPUSIEWICZ; )
YVONNE M. KEAHI; KEITH KIMI; )
OTELIAH KIND; KORY KLEIN; )
MARY KNUDSEN; RALPH )
KNUDSEN; ELEANA U. KOAHOU; )
LENORE LANNON; ROBERT )
LANNON; STEPHEN LAUDIG; )
MALLORY ASPILI LONGBOY; )
SHARI ARAKAWA LONGBOY; )
FRANK JAMES LYON; ERIC )
MADER; AMY KATHLEEN MAHER; )
MICHAEL CHARLES MAHER; )
GWEN MARCANTONIO; MARK )
MARCANTONIO; ARMAND )
MARIBOHO; DARLA MARIBOHO; )
JENNIFER MARTIN; MARYELLEN )
MARKLEY; LAURA MARQUES; )
CHANELLE LEOLA MATTOS; )
JOSEPH KEAOULA MATTOS; )
WILLIAM MCTHEWSON; EMILOU )
N.A. MIKAMI; RICKEY R. MIKAMI; )
TROY MIZUKAMI; JONNAVEN JO )
MONALIM; MISTY MARIE )

(CAPTION CONTINUED ON NEXT PAGE)

MONALIM; ROBERT-GAVIN             )
MOORE; TERESA MOORE;              )
THOMAS MORTON; TERRY LYNNE        )
OHARA MOSELEY; YVONNE             )
NIELSEN; AILYN OUNYOUNG;          )
SAMRIT OUNYOUNG; DAVID L.         )
OWLES; LORI Y. OWLES; RAQUEL      )
PACHECO; JOHN PERREIRA; ROSE      )
PERREIRA; MICHAEL PIERCE;         )
MARIO PORTILLO; EBONI             )
PRENTICE; ROSARIO RAMOS;          )
LURLINE RAPOZA; MERRILLYN         )
M.J.L. RAPOZA; JOHN RIDDEL, JR.;  )
JEANETTE ROSEHILL; MARCUS         )
ROSEHILL; RAY J. RUDDY;           )
MICHELE COLLEEN RUNDGREN;         )
TODD RUNDGREN; JO RUSSO;          )
KELLY KALANIKAPULAHA'OLE          )
SAMPAIO;  RICHARD MILIKONA        )
SAMPAIO, JR.; JOHN SAVAGE;        )
RONALD SCHRANZ; JOHN              )
SHIGEMURA; JASON SIEGFRIED;       )
MELEANA SMITH; JODY               )
SOLBACH; ELIZABETH SPECTOR;       )
DANIEL JOSEPH SPENCE; ELAINE      )
DAMLOA SPENCE; EILEEN             )
EVELYN STEPHENSON; CONNIE         )
SWIERSKI; DAVID SWIERSKI;         )
BONNIE SWINK; JACK SWINK;         )
EVELYN TAKENAKA; NADINE           )
TAMAYOSE; REID TAMAYOSE;          )
KARRI TESHIMA; CLOVER THEDE;      )
DYLAN THEDE; LANA M.              )
TOLEAFOA; SAUMANI LOPI            )
TOLEAFOA; BRUCE ROBERT            )
TRAVIS; ELISE TRAVIS; DARREN      )
TSUCHIYA; LANCE TSUCHIYA;         )
MALIA OLIVAS TSUCHIYA;            )
ANTHONY TUCKER; GLADYS            )
TUPULUA; HEDY UDARBE;             )     (CAPTION CONTINUED ON NEXT PAGE)

4

RUSTICO UDARBE; VALERIE UYEDA; EDWARD VALLEJO; JON VAN CLEAVE, M.D.; PATRICK VERHAGEN; STEPHEN WARD; DONOVAN WEBB; VALERIE WOODS; LERMA YAMASHITA; JACK YOUNG; and NANCY PATSY YOUNG; individually and on behalf of all clients of Hawaii attorneys similarly situated,  )
)
)
)
)
)
)
)
)
)
)
)

        Client Plaintiffs,  )
)
)
vs.  )
)
THE SUPREME COURT OF THE STATE OF HAWAII, in its legislative rule-making capacity and in its judicial capacity; THE HONORABLE MARK E. RECKTENWALD, in his official capacity while serving as Chief Justice of the Supreme Court of the State of Hawaii; THE HONORABLE PAULA A. NAKAYAMA, in her official capacity while serving as Associate Justice of the Supreme Court of the State of Hawaii; THE HONORABLE SABRINA S. MCKENNA, in her official capacity while serving as Associate Justice of the Supreme Court of the State of Hawaii; THE HONORABLE MICHAEL D. WILSON, in his official capacity while serving as Associate Justice of the Supreme Court of the State of Hawaii; and THE HONORABLE KATHERINE S. LEONARD, in her official capacity while serving as appointed substitute Associate Justice of the Supreme Court of the State of Hawaii,  )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

(CAPTION CONTINUED ON NEXT PAGE)

5

| | |
|---|---|
| State Defendants, | ) ) ) |
| and | ) ) ) |
| THE OFFICE OF DISCIPLINARY COUNSEL OF THE HAWAII SUPREME COURT, in its individual capacity as a non-agency Special Master; THE DISCIPLINARY BOARD OF THE HAWAII SUPREME COURT, in its individual capacity as a non-agency Special Master; THE LAWYERS' FUND FOR CLIENT PROTECTION OF THE HAWAII SUPREME COURT, in its individual capacity as a non-agency Special Master; BRADLEY R. TAMM in his individual capacity while serving under color of law as both the Chief Disciplinary Counsel of the Office of Disciplinary Counsel of the Hawaii Supreme Court and the Fund Administrator of the Lawyers' Fund for Client Protection of the Hawaii Supreme Court; CLIFFORD L. NAKEA in his individual capacity while serving under color of law as Chairperson of the Disciplinary Board of the Hawaii Supreme Court; ROY F. HUGHES in his individual capacity while serving under color of law as a Hearing Officer of the Disciplinary Board of the Hawaii Supreme Court; CHARLENE M. NORRIS in her individual capacity while serving under color of law as Senior Disciplinary Counsel of the Office of Disciplinary Counsel of the Hawaii Supreme Court; and ANDREA R. SINK, in her individual capacity | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

(CAPTION CONTINUED ON NEXT PAGE)

| | |
|---|---|
| while serving under color of law as an Investigator of the Office of Disciplinary Counsel of the Hawaii Supreme Court,<br><br>        Civil Rights Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' LOCAL RULE 60.1 JOINT REQUEST FOR RECONSIDERATION OF THIS COURT'S 8/26/21 MINUTE ORDER [Doc. 32] DENYING PLAINTIFFS' REQUEST [Doc. 31] TO THE HONORABLE J. MICHAEL SEABRIGHT, CHIEF JUDGE, TO AMEND HIS JULY 12, 2021 "ORDER APPOINTING THREE-JUDGE HEARING PANEL" IN RELATED CIVIL NO. 20-00419 [Doc. 39] TO INCLUDE THIS CASE AND TO CONSOLIDATE THE TWO CASES**

COMES NOW Plaintiffs, by and through their undersigned attorneys, and hereby request reconsideration by the Chief Judge, as above stated, with regard to both of the respective 2020 and 2021 cases, this request for reconsideration being filed in both cases simultaneously, based upon manifest error, for the following reasons:

**1. The presiding judge is prejudicially ethically compromised in both cases.**

Plaintiff Dubin ("Dubin") has practiced law in this District Court for almost 40 years in more than 125 cases, many spirited disputes, and has the highest regard for the ethics of Members of this District Court (who have never accused him of any ethical misconduct toward a single client), as he does also for the Members of the Hawaii Supreme Court notwithstanding his disbarment.

7

There is a difference however between having the highest judicial ethics as our judges do, and being gullible to the prejudice of the parties.

The Honorable Jill Aiko Otake, Presiding Judge herein, whose judicial ethics are not being questioned, has nevertheless allowed herself to receive *ex parte* information from Respondent's chief antagonist, Mr. Tamm,[2] simultaneously head of the ODC and the Lawyers Fund, whose unethical *ex parte* communications to Members of the Hawaii Supreme Court not only caused Dubin's disbarment as previously explained, but Mr. Tamm was eventually rebuked on other ethical grounds and ordered not to have anything further to do with Dubin's cases.[3]

Judge Otake, although having received Mr. Tamm's *ex parte* documents, has responded that the *ex parte* materials addressed to her were provided instead to the clerk's office, *albeit* presumably for her, and that they contained only "filings and dispositions in other cases," although the controlling Judicial Code of Conduct for United States Judges makes no such distinction.[4]

---

[2] "The Court discloses that Bradley Tamm has provided updates regarding the status of filings and dispositions in other courts related to these proceedings.

[3] "ODC [and ' attorneys at the Office of Disciplinary Counsel"] are hereby disqualified from this matter". Order filed November 5, 2019, Hawaii Supreme Court in SCAD-19-0000561 (Doc. 81). And Tamm's reconsideration motion thereafter denied, *id.*, October 19, 2020 (Doc. 254).

[4] *See* 20-00419, Doc. 15: "Mr. Tamm has not communicated directly with chambers regarding these proceedings The updates referenced in the EO were provided to the clerk's office and, as noted in the EO, concerned filings and dispositions in other courts, all of which are matters of public record. Therefore, any suggestion that



nefarious conduct has tainted the proceedings is unfounded," *compared with* Code of Conduct for United States Judges, Canon 3(A)(4): "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." Plaintiffs to this day do not know what Mr. Tamm gave Judge Otake, only that she thereafter following being provided by Mr. Tamm with constant "updates," she tore into Defendant unfairly (Doc. 19), the same day he received word that his USSC petition was formally denied.

Nor should it, for Dubin was not given the opportunity to know what was provided to Judge Otake and to correct and/or dispute and/or supplement that *ex parte* submission to her or to provide her with any opposing documents.

Instead, Judge Otake immediately snapped with anger at Dubin, prejudicing his reciprocal discipline case, denying needed briefing of issues.[4]

### 2. Two of the assigned judges have mistakenly prejudged Plaintiffs' cases.

Two Members of the panel have prejudiced Dubin's reciprocal discipline case and the 2021 class action as well by erroneously prejudging the controlling case law.

Judge Kobayashi, for instance on October 2, 2020 in the Cordero appeal in Civil No. 19-00502-LEK-WRP, from the Bankruptcy Court, stated at the oral argument, questioning Respondent's representation there, that without membership in the Hawaii Bar, Dubin could not appear in this District Court.[5]

Similarly, in pretrial proceedings in the reciprocal discipline case, Judge Otake has ruled that Dubin cannot in federal district court attack "procedural

---

[4] See 20-0491 (Doc. 19), even though Dubin notified Judge Otake the day formal notice was received from the Clerk that his petition was denied. Also, the response to the Court's original OSC was hurried and Dubin never had the opportunity to fully address the reciprocal discipline issues directly, yet Judge Otake denied supplemental briefing.

[5] Membership in the Hawaii State Bar "is a requirement to appear in our court regardless of your membership in our bar for the district court." Transcript of Proceedings, October 2, 2020, page 6, lines 15-17, Civil No. 19-00502-LEK-WRP, of which this Court may take judicial notice.

infirmities" nor 'allegedly factual findings" in state disbarment proceedings, citing older cases, in effect overruled by the United States Supreme Court and the Court of Appeals for the Ninth Circuit.[6]

And, additionally, Judge Otake has been applying the Rooker-Feldman doctrine unfairly and prejudicially to Plaintiffs' case.

First of all, neither the reciprocal discipline case nor the 2021 class action is an attempt in this federal district court to overturn Dubin's disbarment.

The reciprocal discipline case seeks to preserve Dubin's livelihood by preserving his ability to practice law in federal courts.

The 2021 class action has two parts, neither of which directly seeks to set aside his disbarment: part one, brought on behalf of all Members of the Hawaii Bar subject to the Fourteenth Amendment rule making abuses detailed in the Verified Complaint, using Dubin's experience as an example only, seeking prospective

---

[6] See also, Judge Otake, "Order Regarding Reciprocal Discipline Proceedings," July 9, 2021, Doc. 37, page 4: Judge Otake quoting precedent refusing to review state court disbarment decisions on the merits, since reversed, holding that "Federal district and appellate courts are 'without jurisdiction to do [so]. Review of that nature may be obtained only in the United States Supreme Court" because "it would require the court to sit in review of a state court judgment." *But see*, to the contrary, Doc. 1; see also In re Kramer, 282 F.3d 721, 724 (9th Cir, 2002); Gadda v. Ashcroft, 277 F.3d 934, 943 (9th Cir, 2004) (one can argue against a state court disbarment (1) due process violations, (2) insufficient proof of misconduct, (3) grave injustice would result, and (4) lesser discipline is warranted.

declaratory relief, and part two, on behalf of Dubin's clients affected by his unconstitutional disbarment.

Nevertheless Judge Otake continues to misstate the relationship of the 2021 Verified Complaint to Dubin's disbarment. Judge Otake is wrong and is prejudicing Dubin's case who does not have years to waste on appeal, already 83 a few days ago and soon otherwise penniless.

First, the Rooker-Feldman doctrine is not even applicable to Dubin who the controlling case law exempts from Rooker-Feldman, because Mr. Tamm's *ex parte* misconduct constitutes extrinsic fraud not discovered until after disbarment, which means that Dubin could have sought to set aside the disbarment order in this District Court overcoming the defense of Rooker-Feldman as inapplicable had he chosen to, and could still do that by way of amendment.[7]

Second, Circuit Courts today frown away from considering the defense of Rooker-Feldman in state bar proceedings allowing challenges to disciplinary rules

---

[7] First, as the USSC has held in D.C. Court of Appeals v. Feldman. 460 U.S. 462 (1983), when state supreme courts act in a rule making capacity regulating the bar, the federal court may simply be asked for a declaratory judgment with respect to a disciplinary rule without being asked to overturn a specific state court judgment. And where the issue is "extensive fraud" occurring outside t disciplinary proceedings, such as Mr. Tamm passing on to the Court outside the proceedings *ex parte* and false information, there is no bar to asking a federal court to set aside a disciplinary order, especially if the charged attorney was deprived as here of challenging the otherwise hidden evidence, Rooker-Feldman being no bar; *see* Green v. Ancora-Citronelle, 537 F.2d 1380, 1384 (9th Cir. 1978); *accord*, Kougasian v. TMSI, Inc., 359 F.3d 1136 (9th Cir. 2003).

apart from reviewing actual cases, and they prefer rather than Rooker-Feldman to apply a more accurate preclusion analysis, and in that regard there is no preclusion bar whatsoever since Mr. Tamm's prejudicial and false *ex parte* communications to the Hawaii Supreme Court were not disclosed nor part of the case record nor discussed before Dubin was disbarred.[8]

However, to clarify that issue here, Plaintiffs hereby serves notice on the Office of the State Attorney General pursuant to Local Rule 7.8 that the Plaintiffs in Civil No. 21-00715 JAO-KJM will be filing a motion to certify the classes, naming Keith Kiuchi as attorney class representative in place of Dubin, and three main representatives for the client class, two of whom are supposedly on the Lawyers Fund complaint list, Mr. Gantt who will claim, this is an offer of proof, that he never signed nor submitted a statement of claim, and Mr. Verhagen who will claim, this is an offer of proof, that he was tricked into signing a statement of claim – which might give this Court further insight into the fraud committed on Dubin outside of court and now upon this District Court by Mr. Tamm and others.

---

[8] See Behr v. Campbell, 2021 WL 3559339 (11th Cir. 2021) (extensively reviewing the status of Rooker-Feldman litigation in all U.S. District Courts, holding that "the doctrine's era of expansion is over," "our inflated view of the doctrine, widely shared though it may have been, was actually a misunderstanding – one that the Supreme Court has stepped in to correct," "our holdings have since retreated to Rooker-Feldman's narrow boundaries," "unfortunately litigants and the district courts have still not gotten the message," "when Rooker-Feldman is raised, it will almost never apply," especially when the claim is that "constitutional rights were violated during the proceedings").

### 3. The Chief Judge using his inherent authority should reassign the cases.

My dual request, denied by the presiding judge, was made appropriately instead to the Chief Judge who proclaimed having inherent authority to assign cases. Reassignment should also be part of that inherent authority.

Plaintiffs appreciate how burdensome and fraught with personal pressures from the outside disbarment related cases in a small legal community such as ours can cause this Court and its Members, already manifesting itself, for which Dubin apologizes, but is not of his choosing.

That finally is why Plaintiffs also requested that the Chief Judge request the Chief Judge of the Ninth Circuit Court of Appeals to reassign these two cases to a District Judge of another jurisdiction having no connection with the Hawaii Judiciary or Members of this District Court, so that these cases may be fairly judged.

Once assigned, litigants should not be seen as indentured slaves, forever at the judicial whim of an assigned judge or judges.

There are important issues raised in this request for reconsideration of an important judicial policy nature, although seemingly being ignored, deserving of decision by the Chief Judge or all members of this District Court.

DATED: Honolulu, Hawaii; August 29, 2021.

                                        Respectfully submitted,

                                        */s/ Keith K. Kiuchi*
                                        */s/ Gary Victor Dubin*

                                        _____
                                        KEITH K. KIUCHI
                                        GARY VICTOR DUBIN
                                        Attorneys for Plaintiffs
                                        Submitted Jointly

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served on the following attorneys for all Defendants *via* the Court's electronic service system on the day first written below:

>Clare E. Connors, Esq.
>Patricia Ohara, Esq.
>Robyn B. Chun, Esq.
>Department of the
>  Attorney General
>425 Queen Street
>Honolulu, Hawaii 96813
>
>Attorneys for Defendants

DATED: Honolulu, Hawaii; August 30, 2021.

>Respectfully submitted,
>
>*/s/ Keith K. Kiuchi*
>*/s/ Gary Victor Dubin*
>
>―――――――――――――――
>KEITH K. KIUCHI
>GARY VICTOR DUBIN
>Attorneys for Plaintiffs
>Submitted Jointly